IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY DAVIS,<br>    Petitioner, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO.4:13-CV-439-Y |
| | § | |
| RODNEY W. CHANDLER, Warden,<br>FCI-Fort Worth,<br>    Respondent. | §<br>§<br>§ | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS,
DISMISSING PETITION UNDER § 2241 and,
WARNING MICHAEL ANTHONY DAVIS OF POTENTIAL SANCTIONS

Before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 of Michael Anthony Davis, along with the December 4, 2013, findings, conclusions, and recommendation of the United States magistrate judge. The magistrate judge gave the parties until December 26 to file written objections to the findings, conclusions, and recommendation. As of the date of this order, no written objections have been filed.

The Court has reviewed the pleadings and the record in this case, and has reviewed for clear error the findings, conclusions and recommendation. The Court concludes that, for the reasons stated by the magistrate judge, the petition for writ of habeas corpus should be dismissed for lack of jurisdiction.

The Court notes, as listed in the response and in the magistrate judge's report, this action is now the second petition for relief under 28 U.S.C. § 2241 filed by Davis purporting to raise challenges to his conviction in this Court in *United States v. Davis*, No. 4:05-CR-111-Y(2). The first petition was dismissed for lack of jurisdiction on May 21, 2013. *Davis v. Chandler,* No.4:13-CV-088-Y. This case was filed just eight days later, and raises some of the same or similar grounds asserted before. It too,

will be dismissed for lack of jurisdiction. These cases were filed, as noted in the response, after Davis's extensive post-judgment history in this Court, including at least ten other post-judgment motions contesting his conviction and sentence. After this Court denied his original motion for relief under § 2255, *Davis v. United States,* No.4:07-CV-749-Y, Davis has filed several successive motions under § 2255,[1] and he has never obtained authorization from the court of appeals.

As noted by the magistrate judge, Davis's claims under § 2241 in the present case have not invoked the savings clause. In spite of Davis's history of abusing the successive § 2255 process, and in spite of being advised that his claims did not invoke the savings clause in prior case number 4:13-CV-088-Y, Davis filed this petition under § 2241, again raising challenges that he is well aware will not invoke the savings clause. As such, the magistrate judge's recommendation that Davis be warned of potential sanctions is also adopted.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Michael Anthony Davis's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction. Michael Anthony Davis, BOP No. 33896-177, is warned that any

---

[1] These motions were assigned civil case numbers 4:09-CV-070-Y, 4:09-CV-555-Y, 4:09-CV-741-Y, 4:09-CV-761-Y, 4:11-CV-667-Y, and 4:12-CV-086-Y.

future filings submitted under 28 U.S.C. § 2241 challenging the conviction he received in this Court in case number 4:05-CR-111-Y, may result in the imposition of sanctions, including monetary sanctions or a bar to filing any civil actions in federal court without first obtaining prior authorization from a district judge or magistrate judge.

    SINGED January 23, 2014.

                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE